2003 WY 26

**Marjorie Louise HAWORTH, individually, and Albert Raymond Copp, Jr., individually, Appellants (Plaintiffs),**

v.

**Randy L. ROYAL, Individually and as Trustee of the Bankruptcy Estate of Marjorie Louise Haworth; Anthony T. Wendtland, individually and as attorney for Randy L. Royal; Betty Alden, individually and as agent for Era Carroll Realty Co., Inc.; Sheridan County Title Insurance Company; Keith E. Weerts and Kim L. Weerts, individually and as Husband and Wife; James A King dba King Locksmith and Electronics, Inc.; Dick Kuzara dba Mac's Moving and Secured Storage, Appellees (Defendants).**

No. 02–145.

Supreme Court of Wyoming.

Feb. 27, 2003.

Rehearing Denied March 27, 2003.

Representing Appellants: Marjorie Louise Haworth, pro se; and Albert Raymond Copp, Jr., pro se.

Representing Appellees: Anthony T. Wendtland of Davis & Cannon, Sheridan, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1] This is an appeal from the district court's grant of the appellees' motion for summary judgment and denial of the appellants' motion for summary judgment. We summarily affirm the district court because the appellants have failed to provide cogent argument or citation to pertinent authority.

### ISSUES

[¶ 2] The appellants present no clear statement of the issues. Instead, they present a rambling four-page diatribe in which they haphazardly mention jurisdiction, procedural rules, statutory authority, conspiracy, due process, equal protection, fraud, real party in interest, and open courts. In their brief, the appellees correctly point this Court to the appropriate issue of whether summary judgment was proper. The appellees also seek costs and attorney's fees under W.R.A.P. 10.05.

### DISCUSSION

[¶ 3] Appellant Haworth took bankruptcy. Appellant Copp apparently was in possession of and claimed an interest in certain property of the bankruptcy estate. Appellee Royal is the bankruptcy trustee and Appellee Wendtland is his attorney. The remaining appellees are third parties drawn into the controversy as a result of the trustee's efforts to gain possession of and sell estate assets.

[¶ 4] The appellants filed a lawsuit against the appellees, vaguely alleging fraud, civil conspiracy, and abuse of process. Summary judgment was granted to the appellees and against the appellants. This appeal followed. Unfortunately, the appellants present no cogent argument or pertinent legal authority, so we summarily affirm. *VJL v. RED*, 2002 WY 25, ¶¶ 20–22, 39 P.3d 1110, 1114 (Wyo.2002). *Pro se* litigants are not excused from the requirements of this rule. *In re KD*, 2001 WY 61, ¶¶ 7–9, 26 P.3d 1035, 1036–37 (Wyo.2001); *Rogers v. Rogers*, 973 P.2d 1118, 1120 (Wyo.1999).

[¶ 5] Pursuant to W.R.A.P. 10.05, we certify that there was no reasonable cause for this appeal. We can discern no good faith legal basis for the appeal, and we grant the appellees' request for sanctions. *Gray v. Stratton Real Estate*, 2001 WY 125, ¶¶ 11–13, 36 P.3d 1127, 1129–30 (Wyo.2001). The appellees should submit a statement of costs and attorney's fees associated with this appeal.

[¶ 6] Affirmed.