2005 WY 64

**Donald E. NATHAN, Appellant (Claimant/Petitioner),**

v.

**AMERICAN GLOBAL UNIVERSITY, Appellee (Employer/Respondent),**

and

**State of Wyoming, Department of Employment, Unemployment Insurance Commission, Appellee (Intervenor/Respondent).**

No. 04–141.

Supreme Court of Wyoming.

June 8, 2005.

Donald E. Nathan, Appellant, pro se.

Patrick J. Crank, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; William L. Weaver, Senior Assistant Attorney General, for Appellee State of Wyoming, Department of Employment, Unemployment Insurance Commission.

Leigh E. Stinner, Cheyenne, Wyoming, for Appellee American Global University.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Appellant Donald D. Nathan, *pro se,* appeals the decision of the Unemployment Insurance Commission, Department of Employment, State of Wyoming, that Nathan voluntarily left his most recent work with American Global University in Cheyenne, Wyoming, without good cause attributable directly to his employment and not for bona fide medical reasons involving his health and was, therefore, disqualified from benefit entitlement under Wyo. Stat. Ann. § 27–3–311(a)(i)(A).

[¶ 2] Although the Commission responds to the substance of the appeal, it raises a preliminary question about Nathan's alleged failure to comply in several respects with the Wyoming Rules of Appellate Procedure and requests this Court to exercise its discretion under W.R.A.P. 1.03 and either refuse to consider Nathan's contentions or dismiss his appeal for his alleged failure to comply with various provisions of those appellate procedural issues.

[¶ 3] This Court finds that the Commission's preliminary question about Nathan's alleged non-compliance with various provisions of the Wyoming Rules of Appellate Procedure is well-taken. We hold that Nathan has failed to comply with a number of applicable rule provisions identified by the Commission and, exercising our discretion under W.R.A.P. 1.03, we summarily affirm the Commission's decision disqualifying Nathan from benefit entitlement under § 27–3–311(a)(i)(A).

[¶ 4] A party seeking judicial review of administrative action, as in this case, must comply with the Wyoming Rules of Appellate Procedure. W.R.A.P. 1.02 and 12.11. A party's failure to comply with any rule other than the jurisdictional rule requiring the timely filing of a notice of appeal "is ground only for such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions; assessment of costs; dismissal; and affirmance." W.R.A.P. 1.03.

[¶ 5] The Commission has identified in Nathan's appellate brief the following instances of non-compliance with provisions of the appellate rules:

1. The title page does not contain the appropriate caption as required by W.R.A.P. 7.01(a)(1). It is captioned "The Supreme, State of Wyoming" and the parties are not designated "appellant" and "appellee."

2. Nathan presents no clear statement of the issues. *Haworth v. Royal, et al.,* 2003 WY 26, ¶ 2, 63 P.3d 912, ¶ 2 (2003). Instead, he presents a rambling six-page discourse that haphazardly mentions due process, equal protection, perjury, abuse of discretion, constitutionality, and employment security law.

3. Nathan's Statement of the Case is insufficient as it contains facts not in the record. It does not set forth the disposition of the case in the district court or make any reference to documents listed in the index of the transmitted record as required by W.R.A.P. 7.01(e)(1) and (2).

4. Nathan's argument is not cogent and does not contain citations to relevant statutes and parts of the record as required by W.R.A.P. 7.01(f)(1). Additionally, his argument does not set forth a concise statement of the applicable standard of review for each issue as required by W.R.A.P. 7.01(f)(2).

5. Nathan's brief does not have an appendix that contains a copy of the final order appealed from and the trial court's written reasons for judgment as required by W.R.A.P. 7.01(j).

6. Nathan's brief violates W.R.A.P. 7.05(b)(3) dealing with format in that, starting approximately midway down on page 10 and running through page 12, the font is less than 10 characters per inch.

[¶ 6] This Court agrees with the Commission's identification of instances of Nathan's non-compliance with provisions of the appellate rules. Under the authority of W.R.A.P. 1.03, we summarily affirm the decision of the Commission. *MTM v. State,* 2001 WY 61, 26 P.3d 1035 (2001); *Dewey Family Trust, et al.*

*v. Mountain West Farm Bureau Mutual Ins. Co.,* 3 P.3d 833 (Wyo.2000).