2006 WY 24

**Carlos FINCH, Appellant (Plaintiff),**

v.

**Cindy POMEROY, Director, and the Department of Employment, Appellees (Defendants).**

No. 05–183.

Supreme Court of Wyoming.

March 10, 2006.

Representing Appellant: Carlos Finch, pro se.

Representing Appellees: Patrick J. Crank, Attorney General; John W. Renneisen, Deputy Attorney General; John Rossetti, Senior Assistant Attorney General.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1]   Carlos Finch, *pro se*, appeals from the district court's order granting the defendants' motion to dismiss his complaint.   In his complaint, Mr. Finch stated his causes of action as follows:

COMPLAINT FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, TRESPASS TO CHATTEL, AND/OR CONVERSION, CIVIL DISOBEDIENCE, 42 USC 1983, INTERFERING WITH FEDERAL PROTECTED ACTIVITY—RIGHT TO PRESENT EVIDENCE—RIGHT TO PETITION THE COURTS—DUE PROCESS CIVIL RIGHTS ACT OF 1870, CIVIL RIGHTS ACT OF 1871.

[¶ 2]   In response, the appellees raise a preliminary issue relating to Mr. Finch's failure to comply with the Wyoming Rules of Appellate Procedure and request that we exercise our discretion pursuant to W.R.A.P. 1.03 and either refuse to consider Mr. Finch's contentions or dismiss his appeal.   Appellees identify the following instances of noncompliance:

Finch's Notice of Appeal does not comply with the requirements of Wyo. R.App. P. 2.07.   Finch's Notice of Appeal misnames the Wyoming Supreme Court as the Court of Appeals for the State of Wyoming.   The Notice of Appeal does not contain all pleadings that assert a claim for relief in the appendix as required by the rule.

Finch's brief does not comply with the requirements of Wyo. R.App. P. 7.01 as follows:

1.   The title page does not identify the party filing the brief as required by Wyo. R.App. P. 7.01(a)(2).

2.   The title page does not identify the name, address and telephone number of the attorney or pro se party preparing the brief as required by Wyo. R.App. P. 7.01(a)(3).

3.   A table of contents, with page references is not present as required by Wyo. R.App. P. 7.01(b).

4.   A table of cases alphabetically arranged (in one list or by jurisdiction), statutes and other authorities cited, with reference to pages where they appear is

not present as required by Wyo. R.App. P. 7.01(c).

5. A statement of the issues presented for review is not present as required by Wyo. R.App. P. 7.01(d).

6. A statement of the case including the nature of the case, the course of proceedings, and the disposition in. the trial court is not present as required by Wyo. R.App. P. 7.01(e)(2).

7. A statement of the facts relevant to the issues presented for review with appropriate references to documents listed in the index of the transmitted record is not present as required by Wyo. R.App. P. 7.01(f)(1).

8. The argument is not cogent and does not contain proper citations to authority, statutes and parts of the record relied on as required by Wyo. R.App. P. 7.01(f)(1).

9. The argument does not set forth a concise statement of the applicable standard of review for each issue as required by Wyo. R.App. P. 7.01(j).

10. No appendix is attached containing a copy of the judgment or final order appealed from as required by Wyo. R.App. P. 7.01(j).

11. No appendix is attached containing the statement of costs required by Wyo. R.App. [P.] 10.01 as required by Wyo. R.App. P. 7.01(j).

We agree that Mr. Finch has failed to comply with the Wyoming Rules of Appellate Procedure as identified by the appellees.

[¶ 3] Appeals to this Court are governed by the Wyoming Rules of Appellate Procedure. W.R.A.P. 1.02. A party's failure to comply with the appellate rules "is ground ... for such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions; assessment of costs; dismissal; and affirmance." W.R.A.P. 1.03; *Nathan v. American Global University*, 2005 WY 64, ¶ 4, 113 P.3d 32, 33 (Wyo.2005).

[¶ 4] Pursuant to W.R.A.P. 1.03, we summarily affirm the district court's order dismissing Mr. Finch's complaint.