2006 WY 86N

**Charles L. SNYDER, Appellant (Defendant),**

v.

**DIRECT MERCHANTS CR, Appellee (Plaintiff).**

No. 05–254.

Supreme Court of Wyoming.

July 20, 2006.

on the time for appeal for all parties as a timely motion under Rule 59.

Representing Appellant: Pro se.

Representing Appellee: No appearance.

Before VOIGT, C.J., and GOLDEN, HILL *, KITE, and BURKE, JJ.

PER CURIAM.

[¶1] *Pro se* appellant, Charles L. Snyder, appeals from a summary judgment in a debt collection action. Pursuant to Wyoming Rule of Appellate Procedure 1.03, we summarily affirm the district court's order.

### ISSUES

[¶2] Mr. Snyder claims these thirteen questions must be answered:

4. Did Direct Market Bank accept payment form a third party?

---

* Chief Justice at time of expedited conference.

1. What part of a "0" balance do I owe?

2. Who is Direct Market CR?

3. Where and how does the "0" balance become a very large figure of $11,138.74 and who does this amount go to if I paid the amount?

5. Is Rocky employed by DMCR[ ], whatever that is?

6. Direct Market Bank sold their rights to collect [without] my consent "Against the Law", Fair Debt Collection Act, this is illegal?

7. Failure to answer twice the request for a[ ]Creditor Disclosure Statement?

8. Failure of consideration with Rocky for his people, I owe him nothing for his services?

9. No Valid contract in writing with Rocky.

10. Venue has not been established?

11. Is Direct Market Bank licensed to do business in Wyoming?

12. This whole affair has been delayed for 11 months, is this very timely[?]

13. I did not receive any "Justice" or my day in court, they did not recognize my defense because it was not in the proper legal form? Is there any "Justice" left in Wyoming[?]

### FACTS

[¶3] Mr. Snyder was issued a Master-Card credit card by Direct Merchants Bank (Direct Merchants). In November of 2004, Direct Merchants filed a complaint alleging Mr. Snyder had defaulted under the terms of the cardholder agreement. Direct Merchants sought a principal sum of $9,987.22, interest in the amount of $615.60, costs in the amount of $80.00, and attorney's fees pursuant to the terms of the cardholder agreement. On September 29, 2005, the district court entered summary judgment in favor of Direct Merchants, awarding damages in the total amount of $11,626.91, including $9,987.22 in principal, $1,114.69 in interest, $100.00 in costs, and $425.00 in attorney's

fees. Mr. Snyder appeals from the district court's judgment.

## DISCUSSION

[¶ 4] Appeals to this Court are governed by the Wyoming Rules of Appellate Procedure. W.R.A.P. 1.02. A party's failure to comply with the appellate rules "is ground ... for such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions; assessment of costs; dismissal; and affirmance." W.R.A.P. 1.03; *Nathan v. Am. Global Univ.*, 2005 WY 64, ¶ 4, 113 P.3d 32, 33 (Wyo.2005).

[¶ 5] Mr. Snyder has failed to comply with the appellate rules in numerous respects. His notice of appeal does not have an appendix containing all pleadings asserting a claim for relief and the final order as required by W.R.A.P. 2.07(b)(1) and (3). His brief is deficient in that it does not contain the following items required by W.R.A.P. 7.01:

1. A table of cases alphabetically arranged, statutes and other authorities cited, with reference to the pages where they appear, 7.01(c);

2. A statement of the case including the nature of the case, the course of proceedings, and the disposition in the trial court, 7.01(e)(1);

3. A statement of the facts relevant to the issues presented for review with appropriate references to documents listed in the index of the transmitted record, 7.01(e)(2);

4. Cogent argument supported by proper citations to authority, statutes and parts of the record upon which he relies, 7.01(f)(1);

5. A concise statement of the applicable standard of review for each issue, 7.01(f)(2); or

6. An appendix containing a copy of the judgment or final order from which he appealed, 7.01(j).

## CONCLUSION

[¶ 6] Because Mr. Snyder has failed to comply with the Wyoming Rules of Appellate Procedure in so many important respects, we summarily affirm the district court's order on summary judgment.