**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 30, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

R. MARK ARMSTRONG,

      Plaintiff-Appellant,

v.

STATE OF WYOMING, ex rel.,
DEPARTMENT OF
ENVIRONMENTAL QUALITY;
JOHN CORRA; JAMES UZZELL;
ROBERT DOCTOR; DALE
ANDERSON; PAT SEURE; SCOTT
FORESTER; VICKI MEREDITH;
CARL ANDERSON, in their
individual and official capacities,

      Defendants-Appellees.

No. 10-8016
(D.C. No. 1:09-CV-00097-CAB)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TACHA**, **ANDERSON**, and **KELLY**, Circuit Judges.

_____

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This pro se appeal concerns a public employee's free speech and due process rights. R. Mark Armstrong worked as an environmental analyst for Wyoming's Department of Environmental Quality (DEQ). He was hired to inspect and issue permits for waste facilities, but in 2007, he was fired for incurring some $2,500.00 in personal charges on his state-issued cell phone. Mr. Armstrong was reinstated by an administrative review board, but the DEQ placed him on paid administrative leave while it appealed that ruling in state court. In the meantime, Mr. Armstrong accepted another position and tendered his resignation, conditioned on the DEQ's satisfaction of several demands. The DEQ accepted his resignation, paid him $42,784.44, but complied with none of Mr. Armstrong's demands. That prompted this suit.

***

In a four count complaint, Mr. Armstrong alleged the DEQ's failure to comply with the terms of his resignation constituted wrongful termination. Characterizing the cell phone issue as a pretext for retaliation, he claimed he was really fired for exercising his First Amendment rights by expressing ethical concerns about the DEQ's issuance of landfill permits. He further claimed his termination deprived him of property and liberty interests in his job and professional reputation without due process. Additionally, Mr. Armstrong alleged defendants breached the implied covenant of good faith and fair dealing, as demonstrated by the adverse circumstances surrounding his employment and

dismissal.  Finally, he asserted defendants fired him in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*.

On defendants' motion, the district court dismissed the matter for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  The court initially determined that Mr. Armstrong failed to state a plausible First Amendment claim under the Supreme Court's analysis set forth in *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006), and *Pickering v. Board of Education of Township High School Dist. 205, Will County*, 391 U.S. 563, 568 (1968).[1]  The court explained that Mr. Armstrong did not satisfy the first prong of the *Garcetti/Pickering* test because the speech upon which his First Amendment claim relied—his reports of improper landfill permitting by the DEQ—was made pursuant to his official duties as an employee of the DEQ.  Consequently, Mr. Armstrong's speech was not entitled to the full scope of protection offered by the First Amendment.  *See* R. Vol. 1 at 520 (Dist.

---

[1]     The *Garcetti/Pickering* analysis is a five-prong test that evaluates:

(1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct.

*Dixon v. Kirkpatrick*, 553 F.3d 1294, 1302 (10th Cir. 2009).

Ct. Op.) citing *Garcetti*, 547 U.S. at 421-22 ("Restricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen.").

Next the court held that Mr. Armstrong failed to allege a cognizable due process claim for deprivations of either a property or liberty interest. With regard to the property claim, the court ruled that Mr. Armstrong had no protected property interest in his so-called "settlement contract," which he implied from the terms of his conditional resignation, because there was no written agreement to satisfy Wyoming's statute of frauds, Wyo. Stat. Ann. § 1-23-105, and, in any event, Mr. Armstrong's terms were unenforceable, *id.*, § 1-41-106. Further, the court explained that Mr. Armstrong could claim no protected interest in continued employment because he resigned from the DEQ, accepted a different job, and moved to another state. Additionally, although Mr. Armstrong disavowed a constructive discharge claim, the court pointed out that he could not prevail on any such claim since he voluntarily resigned. As for Mr. Armstrong's liberty interest in his professional reputation, the court ruled he failed to allege any false statements that foreclosed other employment opportunities. *See Sandoval v. City of Boulder*, 388 F.3d 1312, 1329 (10th Cir. 2004) (requiring plaintiff to show defendant made statements which (1) impugned her good name, reputation, honor, or integrity; (2) were false; (3) were made in the course of her termination or foreclosed other employment opportunities; and (4) were published).

Turning to Mr. Armstrong's third claim brought under the implied covenant of good faith and fair dealing, the court ruled it was barred by sovereign immunity. The court recognized the Wyoming Government Claims Act waives immunity and provides the procedure for bringing certain claims, *see* Wyo. Stat. Ann. §§ 1-39-117 and 1-39-104(a), but tortious breach of the implied covenant of good faith and fair dealing is not one of them. *See id.*, § 1-39-104(a); *Hoff v. City of Casper-Natrona Cnty. Health Dep't*, 33 P.3d 99, 105-06 (Wyo. 2001).

Lastly, the court determined that Mr. Armstrong's ADEA claim was barred by the Eleventh Amendment. In so holding, the court reasoned the State had not consented to suit and Mr. Armstrong failed to invoke any valid waiver of immunity. *See Migneault v. Peck*, 204 F.3d 1003, 1004 (10th Cir. 2000) (recognizing ADEA does not abrogate Eleventh Amendment immunity). Consequently, given the lack of subject matter jurisdiction, the court dismissed this claim without prejudice.

\*\*\*

On appeal, Mr. Armstrong maintains he was fired for exercising his First Amendment rights and denied his property and liberty interests without due process. He also invokes general contract principles and contends there are two enforceable contracts that bind the State to the terms of his conditional resignation. *See* Aplt. Br. at 35. He does not, however, address his claims brought under the ADEA or the implied covenant of good faith and fair dealing.

-5-

We conclude Mr. Armstrong has waived appellate review of his claims for breach of the implied covenant of good faith and the ADEA. *See Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007). Nowhere in his prolix opening brief does Mr. Armstrong even mention, let alone advance any argument in support of, either claim. Instead, his opening brief completely abandons these claims in favor of a vague contract theory that was never addressed by the district court. Although there are traces of a contract dispute strewn throughout the record, these "vague and ambiguous" references do not suffice to preserve Mr. Armstrong's new, contract-based appellate argument. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1141 (10th Cir. 2007) ("[T]he vague and ambiguous presentation of a theory before the trial court [does not] preserve that theory as an appellate issue." (quotation omitted)). Consequently, because Mr. Armstrong's new contract theory was never properly presented to or ruled upon by the district court, we decline to consider it for the first time on appeal. *See Tele-Commc'ns, Inc. v. Comm'r*, 104 F.3d 1229, 1233 (10th Cir. 1997).

As for Mr. Armstrong's claims asserting free speech and due process violations, we conclude under a de novo standard of review that dismissal was proper. *See Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010) (reviewing dismissal under Rule 12(b)(6) de novo). We have reviewed the parties' appellate materials, as well as the relevant legal authority, and we agree with the district court's thorough and well-reasoned analysis of the First Amendment and due

process claims. Accordingly, we AFFIRM the district court's judgment for substantially the same reasons as articulated in the court's order dated March 2, 2010. Mr. Armstrong's motion to reconsider the denial of appellate counsel is DENIED, as is his motion for sanctions.

Entered for the Court

Stephen H. Anderson
Circuit Judge