2012 WY 42

**Daren S. BERG and Jennifer A. Berg, Appellants (Defendants),**

v.

**TORRINGTON LIVESTOCK CATTLE COMPANY, a Wyoming Corporation, Appellee (Plaintiff).**

No. S–11–0229.

Supreme Court of Wyoming.

March 20, 2012.

Representing Appellants: Daren S. Berg and Jennifer A. Berg, Pro se, Edgemont, SD.

Representing Appellee: Patrick J. Crank of Nicholas & Crank, P.C., Cheyenne, WY.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1]   Daren S. Berg and Jennifer A. Berg (the Bergs) filed this *pro se* appeal from summary judgment entered against them in an action to collect on a promissory note. Due to deficiencies in the filed appeal, we summarily affirm.

## ISSUES

[¶ 2] Ten arguments are listed by the Bergs:

1. The district court erred in denying Bergs their preserved right to a jury trial.

2. The district court erred in holding that there was no breech [sic] of contract against Torrington Livestock Cattle Company.

3. The district court erred in holding secured collateral on a promissary [sic] note did not have to be apllied [sic] to the actual note.

4. The district court failed on all counts to prove or provide any evidence of the Bergs hindering or delaying Torrington Livestock Cattle Company.

5. The district court erred in allowing perjured statements.

6. The district court continiuosly [sic] proved they were biased against the Bergs and denied them of their Constitutional and Civil rights.

7. Does the district court have the authority to dictate where a business or individuals may conduct business or financial transactions?

8. The district court erred in its ruling on the bank security agreement.

9. Torrington Livestock Cattle Company has received $103,151.71 in payment on a bank note that only had a balance of $53,569.60. This was low value auction prices.

10. Gross negligence on behalf of the Goshen County Sheriff's department should be filed for the seizure and then losing Bergs' property. The department failed to provide accurate records and secure the property until it was sold.

## FACTS

[¶ 3] This is the second of two related lawsuits filed by Torrington Livestock Cattle Company (TLCC). TLCC first filed suit against Mr. Berg and 4–B Livestock, owned by Daren and Jennifer Berg, in February of 2008. As the suit progressed, writs of garnishment and attachment were issued (and some property was sold), with Berg to receive credit against any judgment. A jury trial was held in December of 2010, in which Mr. Berg was found liable for breach of contract, conversion, and fraud. In January of 2011 the court entered judgment in favor of TLCC in the amount of $517,635.86, and in February of 2011 the court ordered Mr. Berg's previously seized property sold to satisfy the judgment. Funds held by the clerk of court were released to TLCC but the judgment remains unsatisfied. Mr. Berg appealed the judgment but his appeal was dismissed for want of prosecution.

[¶ 4] In February of 2010, while the first suit was pending, the Bergs signed a promissory note with the First Bank of Torrington. The Bergs promised to repay the principal sum of $53,569.60, at 8.25% interest, by four annual installments of $15,872.30. As collateral, the bank acquired security interests in a variety of the Bergs' property, including livestock and ranching equipment. In June of 2010 the bank assigned the promissory note to TLCC.

[¶ 5] The first payment on the note was due on October 1, 2010, and in late September of 2010 the Bergs shipped cattle for auction, with the proceeds intended for the first payment. However, the proceeds check was encumbered by TLCC because it held the promissory note. Around that same time, writs for seizure of cattle and equipment were issued and the Bergs did not make the first payment.

[¶ 6] This action began on October 18, 2010 when TLCC filed its *Complaint for Breach of Contract for Promissory Note and to Enforce Security Agreement.* The Bergs claimed that the assignment of the note was fraudulent, and Mrs. Berg argued that her property interest was separate from that of her husband and thus not subject to seizure to satisfy the judgment. The Bergs claimed TLCC hindered them from making payment on the note and that TLCC should not be permitted to seize collateral secured by the note and also collect on the note.

[¶ 7] The court rejected the Bergs' argument, and ruled the assignment was valid even without their consent. Furthermore, the court ruled that Mrs. Berg had forfeited her separate estate protections by her volun-

tary fraudulent conduct—thus, her alleged "separate" property was subject to Mr. Berg's liabilities in the earlier case. The court also ruled that TLCC properly applied the proceeds from the sale of collateral secured by the promissory note to satisfy the judgment from the earlier case and that TLCC's seizure of the collateral did not provide the Bergs with an affirmative defense. Finally, the court ruled that no material issues of fact existed and TLCC was entitled to summary judgment. This appeal followed.

### DISCUSSION

[¶ 8] Though ten issues are listed by the Bergs, the issues are best captured by TLCC: (1) Should the Court summarily affirm the trial court's decisions based on the Bergs' willful and total disregard to the Wyoming Rules of Appellate Procedure? (2) Did the trial court properly grant summary judgment to TLCC? (3) Did the trial court correctly deny the Bergs' jury trial demand? (4) Should other issues raised by the Bergs be disregarded because they are not supported with cogent argument or pertinent authority?

[¶ 9] As mentioned, TLCC raises a preliminary issue relating to the Bergs' failure to comply with the Wyoming Rules of Appellate Procedure and requests that we exercise our discretion pursuant to W.R.A.P. 1.03 and summarily affirm the trial court's decision.

[¶ 10] The decision whether to dismiss an appeal or summarily affirm a decision of the lower court based on the filing of a deficient brief pursuant to W.R.A.P. 1.03 is within the discretion of the appellate court. *McElreath v. State of Wyoming, ex rel. Wyoming Workers' Compensation Div.*, 901 P.2d 1103, 1106 (Wyo.1995). Rule 1.03 provides:

> The timely filing of a notice of appeal, which complies with Rule 2.07(a), is jurisdictional. The failure to comply with any other rule of appellate procedure, or any order of court, does not affect the validity of the appeal, but is ground only for such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's conten-

tions; assessment of costs; dismissal; and affirmance.

[¶ 11] We exercised our discretion in *Finch v. Pomeroy*, 2006 WY 24, ¶ 2, 130 P.3d 437, 437–38 (Wyo.2006), where we noted:

> Finch's Notice of Appeal does not comply with the requirements of [W.R.A.P.] 2.07. Finch's Notice of Appeal misnames the Wyoming Supreme Court as the Court of Appeals for the State of Wyoming. The Notice of Appeal does not contain all pleadings that assert a claim for relief in the appendix as required by the rule.

> Finch's brief does not comply with the requirements of [W.R.A.P.] 7.01 as follows:

> 1. The title page does not identify the party filing the brief as required by [W.R.A.P.] 7.01(a)(2).

> 2. The title page does not identify the name, address, and telephone number of the attorney or pro se party preparing the brief as required by [W.R.A.P.] 7.01(a)(3);

> 3. A table of contents, with page references is not present as required by [W.R.A.P.] 7.01(b).

> 4. A table of cases alphabetically arranged (in one list or by jurisdiction), statutes and other authorities cited, with reference to pages where they appear is not present as required by [W.R.A.P.] 7.01(c).

> 5. A statement of the issues presented for review is not present as required by [W.R.A.P.] 7.01(d).

> 6. A statement of the case including the nature of the case, the course of proceedings, and the disposition in the trial court is not present as required by [W.R.A.P.] 7.01(e)(2).

> 7. A statement of the facts relevant to the issues presented for review with appropriate references to documents listed in the index of the transmitted record is not present as required by [W.R.A.P.] 7.01(f)(1).

> 8. The argument is not cogent and does not contain proper citations to authority, statutes and parts of the record relied on as required by [W.R.A.P.] 7.01(f)(1).

9. The argument does not set forth a concise statement of the applicable standard of review for each issue as required by [W.R.A.P.] 7.01(j).

10. No appendix is attached containing a copy of the judgment or final order appealed from as required by [W.R.A.P.] 7.01(j).

11. No appendix is attached containing the statement of costs required by [W.R.A.P.] 10.01 as required by [W.R.A.P.] 7.01(j).

We concluded in *Finch* by agreeing with the appellee and summarily affirming the appeal in accordance with W.R.A.P. 1.03. *Id.*

 [¶ 12] Like *Finch*, the Bergs' brief in this case is deficient in a number of ways. As noted by TLCC, the brief almost completely fails to comply with W.R.A.P. 7.01: It does not provide page references in the table of contents; it does not list a table of cases used in support of its argument; it does not provide a statement of the case; it does not provide a statement of facts relevant to the issues presented for review with appropriate references to documents listed in the index of the transmitted record; it fails to provide argument with citations to authorities, statutes and parts of the record relied upon; it does not provide a concise statement of the standard of review; and it fails to contain a conclusion stating the precise relief sought. *See* W.R.A.P. 7.01(b)-(e)(2), (f)(1)(2), and (g). Also, the Bergs failed to comply with W.R.A.P. 3.05 in that, contemporaneous to filing their brief, they did not serve TLCC with a copy of it nor did they file with the clerk of the trial court a designation of the record to which the Bergs intended to direct the particular attention of the appellate court in their brief.

[¶ 13] Not only is it critical to follow the Wyoming Rules of Appellate Procedure, it is of equal importance to present this Court with cogent argument and citation to legal authority. *Forbis v. Forbis*, 2009 WY 41, ¶ 10, 203 P.3d 421, 424 (Wyo.2009) ("We have consistently refused to consider claims not supported by cogent argument or citation to pertinent legal authority."). Here, the Bergs fail to do just that.

[¶ 14] We have often stated that we expect *pro se* litigants to "handle this professional, technical work in compliance with Wyoming rules of appellate procedure in the same way that trained lawyers are expected to perform" but "[t]his court has spoken to a certain leniency which should be afforded the pro se litigant." *Hamburg v. Heilbrun*, 889 P.2d 967, 968 (Wyo.1995). However, blatant disregard of our rules of procedure cannot and will not be condoned. When a brief fails to present a valid contention supported by cogent argument or pertinent authority, "we consistently have refused to consider such cases, whether the brief is by a litigant *pro se* or is filed by counsel." *Id.*

## CONCLUSION

[¶ 15] Based upon the deficient brief offered by the Bergs and their failure to follow the rules of appellate procedure, the decision of the trial court is summarily affirmed.