2012 WY 149

**Ethan L. CALL, Appellant (Plaintiff),**

v.

**The TOWN OF THAYNE, Appellee (Defendant).**

**No. S–12–0115.**

Supreme Court of Wyoming.

Nov. 27, 2012.

Representing Appellant: Ethan L. Call, Pro se, Afton, WY.

Representing Appellee: Joseph B. Bluemel of Bluemel Law Office, Kemmerer, WY.

Before KITE, C.J., and GOLDEN *, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1] Ethan L. Call filed a complaint in district court after making an unsuccessful construction bid to the Thayne, Wyoming, City Council (the "Town of Thayne"). The district court granted the Town of Thayne's combined motion for summary judgment and motion to dismiss and Call appeals. We summarily affirm.

## ISSUES

[¶ 2] Call states four issues:

1. The district court erred in dismissing the Complaint filed by [Call], as a *pro se* litigant, for failure to state a claim.

2. The actions of [the Town of Thayne] during the bid selection process deprived [Call] of any rights, privileges, or immunities secured under the Constitution and laws.

3. [The Town of Thayne] in awarding the bid to [its] 'preferred bidder' failed to do its duty to provide an independent observation of the evaluation and selection process in bidding the Canal Beautification Project for which [it was] going to use federal funds.

4. [The Town of Thayne's] publication of an open invitation to bid on the Canal Beautification Project created an implied covenant of good faith and fair dealing.

## FACTS

[¶ 3] In 2009, the Wyoming Department of Transportation (WYDOT) awarded the Town of Thayne a grant to assist with land-scaping on and around the Thayne canal area adjacent to State Highway 89. The funds were awarded pursuant to federal and state guidelines.

[¶ 4] After the Town of Thayne put the project out to bid, four bids were submitted, including Call's. Coming in at $29,894, Call was the low bidder. However, due to considerable differences in the bid amounts, the Town Council set up meetings with each bidder. Call missed his meeting with the Town Council. Another bid in the amount of $51,840 appealed to the Town Council and included some "add-ons." In an effort to be fair, the Town Council asked the other three bidders, including Call, to resubmit their bids and include the add-ons.

[¶ 5] Another bidder was awarded the project on April 22, 2010. On April 28, 2010, Call filed a protest with WYDOT alleging that the Town of Thayne discriminated against his bid. As a result, WYDOT eventually withdrew grant monies for the project, while affording the Town of Thayne an opportunity for reinstatement of the grant. In June of 2010, the Town of Thayne declined the grant money.

[¶ 6] Call filed his first complaint in June of 2010, but that action was dismissed for failure to comply with the Wyoming Governmental Claims Act. Call filed a new complaint on February 1, 2011 in which he claimed (1) a civil rights violation pursuant to 42 U.S.C. § 1983; (2) that the Town of Thayne failed to provide an independent observation of the bid evaluation and selection process; and (3) a breach of the covenant of good faith and fair dealing. Call sought $15,000 in damages on the § 1983 claim and $10,000 on each of the other claims. The Town of Thayne filed a motion for summary judgment and motion to dismiss, to which Call filed a response.

[¶ 7] On the motion for summary judgment and to dismiss for failure to state a claim and the opposition to that motion, Call presented no witnesses, testimony, affidavit or portion of deposition as factual support of his opposition to the motion. The court granted the Town of Thayne's motion for summary judgment on the 42 U.S.C. § 1983

* Justice Golden retired effective September 30, 2012.

claim pursuant to W.R.C.P. 56(b) and dismissed all of the remaining claims for failure to state a claim pursuant to W.R.C.P. 12(b)(6) or in the alternative, pursuant to Rule 56(b). This appeal followed.

## DISCUSSION

[¶ 8] The Town of Thayne raises a preliminary issue relating to Call's failure to comply with the Wyoming Rules of Appellate Procedure and requests that we exercise our discretion pursuant to Rule 1.03 and summarily affirm the district court's decision. As with other instances in which this Court has exercised its discretion to summarily affirm, we will also do so in this case. *See Berg v. Torrington Livestock Cattle Co.,* 2012 WY 42, 272 P.3d 963 (Wyo.2012) and *Finch v. Pomeroy,* 2006 WY 24, ¶ 2, 130 P.3d 437, 437–38 (Wyo.2006).

[¶ 9] We have stated before that the decision to dismiss an appeal or summarily affirm a decision of the lower court based on the filing of a deficient brief pursuant to W.R.A.P. 1.03 is within the discretion of the appellate court. *Berg,* ¶ 9, 272 P.3d 963, 965. Rule 1.03 provides:

> The timely filing of a notice of appeal, which complies with Rule 2.07(a), is jurisdictional. The failure to comply with any other rule of appellate procedure, or any order of court, does not affect the validity of the appeal, but is ground only for such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions; assessment of costs; dismissal; and affirmance.

Portions of W.R.A.P. 2.07(a) state that the notice of appeal shall: " ... (3) Name the court to which the appeal is taken, [and] (4) Be accompanied by the certificate or endorsement required by Rule 2.05." That rule also requires that an appellant order and pay for a transcript of the portion of the evidence deemed necessary for the appeal or if "appellant does not intend to order a transcript, the certificate of compliance shall include a statement indicating whether appellant intends to procure a statement of evidence pursuant to Rule 3.03 or an agreed statement pursuant to Rule 3.08." W.R.A.P. 2.05.

[¶ 10] Further required by the Wyoming Rules of Appellate Procedure, a notice of appeal shall have as an appendix:

> (1) All pleadings that assert a claim for relief whether by complaint, counter-claim or cross-claim and all pleadings adding parties; and

> (2) All orders or judgments disposing of claims for relief and all orders or judgments disposing of all claims by or against any party; and

> (3) The judgment or final order.

W.R.A.P. 2.07.

[¶ 11] This Court has reaffirmed that

> It is the appellant[s'] burden to bring a complete record to this Court. Where a proper record is not provided, an appeal may be dismissed or review may be limited to those issues not requiring inspection of the record.

> . . . .

> Without a sufficient record, we must

> > "accept the 'trial court's findings as being the only basis for deciding the issues which pertain to the evidence.' 'In the absence of anything to refute them, we will sustain the trial court's findings, and we assume that the evidence presented was sufficient to support those findings.'"

*In re Estate of George,* 2003 WY 129, ¶ 11, 77 P.3d 1219, 1223 (Wyo.2003).

[¶ 12] Though Call timely filed a notice of appeal, he failed to include a certificate or endorsement to order a transcript or declaration that he did not intend to order a transcript, thereby addressing W.R.A.P. 3.03 or 3.08. Furthermore, Call did not include an appendix to the appeal, the complaint, and order granting the Town of Thayne's motion for summary judgment and motion to dismiss for failure to state a claim. Call's brief is also deficient in a number of ways, in violation of W.R.A.P. 7.01. First, Call fails to provide a statement of facts *relevant to the issues presented for review* with appropriate reference to documents listed in the index of the transmitted record as required by Rule 7.01(f)(1). Though he labels a section of his brief as the "Statement of Facts," the

section is merely a recitation of allegations from the complaint rather than facts from the record that are relevant to his issues. Also, Call's argument falls short of being described as cogent or containing proper citations to authority, as required by Rule 7.01(f)(1). Furthermore, Call's arguments do not state an adequate standard of review in accordance with Rule 7.01(f)(2).

[¶ 13] Additionally, and perhaps most importantly, the biggest issue facing Call is his failure to provide a record upon which we could base our decision. *See Nish v. Schaefer*, 2006 WY 85, ¶ 6, 138 P.3d 1134, 1137 (Wyo.2006) (it is the appellant's responsibility to provide a record adequate to enable this Court's review). In these circumstances, we have explained:

> When this Court does not have a properly authenticated transcript before it, it must accept the trial court's findings of fact upon which it bases any decisions regarding evidentiary issues. *Capshaw v. Schieck*, 2002 WY 54, ¶ 21, 44 P.3d 47, 54 (Wyo.2002). The failure to provide a transcript does not necessarily require dismissal of an appeal, but our review is restricted to those allegations of error not requiring inspection of the transcript. Lacking a transcript, or a substitute for the transcript, the regularity of the trial court's judgment and the competency of the evidence upon which that judgment is based must be presumed. *Stadtfeld v. Stadtfeld*, 920 P.2d 662, 664 (Wyo.1996); *Combs v. Sherry–Combs*, 865 P.2d 50, 55 (Wyo.1993).

*Jones v. Artery*, 2012 WY 63, ¶ 9, 275 P.3d 1244, 1246 (Wyo.2012) (internal citations omitted).

[¶ 14] Not only is it critical to follow the Wyoming Rules of Appellate Procedure, it is of equal importance to present this Court with cogent argument and citation to legal authority. *Forbis v. Forbis*, 2009 WY 41, ¶ 10, 203 P.3d 421, 424 (Wyo.2009) ("We have consistently refused to consider claims not supported by cogent argument or citation to pertinent legal authority.").

[¶ 15] We expect *pro se* litigants to " 'handle this professional, technical work in compliance with Wyoming Rules of Appellate Procedure in the same way that trained law-

yers are expected to perform' but '[t]his court has spoken to a certain leniency which should be afforded the *pro se* litigant.' " *Berg*, ¶ 14, 272 P.3d at 966. However, blatant disregard of our rules of procedure cannot and will not be condoned. When a brief fails to present a valid contention supported by cogent argument or pertinent authority, "we consistently have refused to consider such cases, whether the brief is by a litigant *pro se* or is filed by counsel." *Id.* Considering that and Call's disregard for the Wyoming Rules of Appellate Procedure, we summarily affirm this case.

### CONCLUSION

[¶ 16] Given the deficient brief filed by Call and his failure to follow the Wyoming Rules of Appellate Procedure, the decision of the trial court is summarily affirmed.