# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 53

APRIL TERM, A.D. 2013

*May 8, 2013*

R. MARK ARMSTRONG,

Appellant
(Plaintiff),

v.

WYOMING DEPARTMENT OF
ENVIRONMENTAL QUALITY, JOHN
CORRA, JAMES UZZELL, ROBERT
DOCTOR, and DALE ANDERSON, as
Individuals in Their Personal Capacity and
in Their Official Capacity,

Appellees
(Defendants).

S-12-0210

*Appeal from the District Court of Laramie County*
*The Honorable Michael Davis, Judge*

*Representing Appellant:*
R. Mark Armstrong, *Pro se.*

*Representing Appellee:*
Gregory A. Phillips, Wyoming Attorney General; John D. Rossetti, Deputy
Attorney General; and Thomas W. Rumpke, Senior Assistant Attorney General.

*Before KITE, C.J., HILL, VOIGT, and BURKE, JJ., and GOLDEN, J., Retired.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third.
Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building,
Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be
made before final publication in the permanent volume.

**HILL,** Justice.

[¶1]    R. Mark Armstrong challenges an order dismissing his breach of contract claims against the State of Wyoming's Department of Environmental Quality (DEQ). We dismiss his appeal.

## ISSUES

[¶2]    Armstrong identifies twelve issues, but his argument seems to be limited to three basic questions for this Court, which we rephrase as follows:

1. Regarding the breach of contract, Armstrong claims the DEQ breached a settlement agreement by treating his resignation as unconditional and failing to satisfy the conditions. Further, because Armstrong's resignation was included in the settlement offer, the governor of Wyoming should have approved the settlement. Also, the Wyoming Governmental Claims Act does not bar his contract claims.
2. Armstrong asserts that the State should be estopped from raising *res judicata* as a defense, and further, judicial estoppel should preclude the State from claiming the breach of contract issues were decided in federal court.
3. In his third and final argument, Armstrong discusses his defamation claims, claiming that defamation affected his ability to acquire and maintain employment.

## FACTS

[¶3]    In January of 2005, the DEQ hired Armstrong as an environmental analyst. Armstrong alleges that during the course of his employment, he learned that his supervisor, Dale Anderson, was improperly influencing a permitting decision involving a Casper landfill, which Anderson's wife managed. According to Armstrong, he informed the director of DEQ, John Corra, and other government officials about the alleged improprieties. The DEQ terminated Armstrong on June 5, 2007, on the ground that he improperly incurred approximately $2,500.00 in personal charges on a state-issued cell phone. Armstrong challenged his termination, claiming that the ground was pretext. The Office of Administrative Hearings (OAH) heard the case and in February of 2008, it reinstated Armstrong to his original position with the DEQ. The DEQ sought review of that decision in district court.

[¶4]    In the meantime, in July of 2008, Armstrong accepted a job in Montana. He did not respond to the DEQ's offer to settle all claims for $85,000.00. On August 28, 2008,

1

the DEQ notified Armstrong that it was accepting his resignation because he had taken the Montana job. According to the DEQ, it paid Armstrong his backpay, minus appropriate deductions. In the pending (at the time) district court case, the DEQ withdrew its petition for review, and the court later dismissed Armstrong's cross-petition. Armstrong filed an appeal with this Court, which this Court dismissed in February of 2009.

[¶5] Armstrong then filed suit in federal district court in May of 2009 claiming that the DEQ's failure to comply with the conditions of his proffered resignation constituted wrongful termination. In March of 2010, the federal court dismissed Armstrong's lawsuit ruling that, among other things, Armstrong's settlement offer did not become an enforceable contract under Wyoming law. Armstrong then appealed but the Tenth Circuit affirmed. *See Armstrong v. Wyo. ex rel. Dep't of Envtl. Quality,* 408 Fed. Appx. 136 (10th Cir. 2010).

[¶6] Dissatisfied with his results to that point, Armstrong began preparing for another State court case, which is the present matter before this Court. In January of 2011, Armstrong mailed a letter to the governor of Wyoming. In November of 2011, he filed a notice of claim with the division of the Department of Administration and Information as required by Wyo. Stat. Ann. § 1-39-113(c) (LexisNexis 2011). On December 29, 2011, Armstrong filed his lawsuit in district court. Against several named defendants which included the DEQ and multiple individuals, Armstrong alleged, among other things, breach of contract and breach of the purported settlement agreement. He also alleged "Libel Slander Defamation" and age discrimination. The DEQ filed a motion to dismiss, which the court granted. In its order, the court ruled that Armstrong's clams were barred by the two-year statute of limitations in the Wyoming Governmental Claims Act. Furthermore, the "matter was decided in federal district court." Also, any defamation claims were also barred by statute of limitations contained in Wyo. Stat. Ann. § 1-3-105(a)(v) (LexisNexis 2011).

[¶7] This appeal followed.

## DISCUSSION

[¶8] This Court recognizes the time and effort that Armstrong has spent in pursuing his claims against the DEQ. However, as we have stated many times before, although this Court has spoken to a certain leniency afforded *pro se* litigants,

> … blatant disregard of our rules of procedure cannot and will not be condoned. When a brief fails to present a valid contention supported by cogent argument or pertinent authority, "we consistently have refused to consider such

2

cases, whether the brief is by a litigant ***pro se*** or is filed by counsel."

*Call v. Town of Thayne,* 2012 WY 149, ¶ 15, 288 P.3d 1214, 1217 (Wyo. 2012) (emphasis in original).

[¶9]    Similarly to *Call,* though Armstrong timely filed a notice of appeal, he failed to comply with several other rules of the Wyoming Rules of Appellate Procedure. First, Armstrong's notice of appeal neglects to include a certificate indicating whether he intended "to procure a statement of evidence pursuant to Rule 3.03 or an agreement statement pursuant to Rule 3.08." W.R.A.P. 2.05 and 2.07(a)(4). There is no appendix as required under Rule 2.07(b). In violation of Rule 7.01, Armstrong's brief does not include a table of contents or table of authorities. Most notably, Armstrong's argument falls short of being described as cogent or containing proper citations to authority, as required by Rule 7.01(f)(1). Not only is it critical to follow the Wyoming Rules of Appellate Procedure, it is of equal importance to present this Court with cogent argument and citation to legal authority. *Forbis v. Forbis,* 2009 WY 41, ¶ 10, 203 P.3d 421, 424 (Wyo. 2009) ("We have consistently refused to consider claims not supported by cogent argument or citation to pertinent legal authority."). Armstrong's brief, though it identifies twelve issues, only generally refers to memoranda filed in district court and was largely hard to follow. For that reason, and due to his inability to follow the Wyoming Rules of Appellate Procedure, we dismiss Armstrong's appeal.

## CONCLUSION

[¶10] Based upon Armstrong's failure to follow the Wyoming Rules of Appellate Procedure, we dismiss.