2017 WY 116

**William COR, Appellant (Plaintiff),**

v.

**SINCLAIR SERVICES COMPANY, Sinclair Wyoming Refining Company, including Raymond Hansen and James Larscheid, individually and acting in their capacities, Appellees (Defendants).**

S-17-0085

Supreme Court of Wyoming.

September 29, 2017

Representing Appellant: William Cor, pro se.

Representing Appellee: Bradley T. Cave, Holland & Hart LLP, Cheyenne, Wyoming.

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

FOX, Justice.

[¶1] William Cor filed this *pro se* appeal from the district court's dismissal of his complaint. Due to deficiencies in the appeal, we summarily affirm.

## ISSUES

[¶2] Mr. Cor did not provide this Court with a statement of the issues. We supply a preliminary issue:

1. Did Mr. Cor adequately comply with the Wyoming Rules of Appellate Procedure?

We discern Mr. Cor's issues to be:

2. Did the district court err in dismissing Mr. Cor's complaint because he did not file a timely response to defendants' motion to dismiss?

3. Did Mr. Cor's complaint state a claim upon which relief could be granted?

Our determination of the first issue resolves this matter; accordingly, we do not reach the remaining issues.

## FACTS

[¶3] Mr. Cor, a former project engineer at Sinclair Wyoming Refining Company, filed a complaint against defendants Sinclair Services Company, Sinclair Wyoming Refining Company, Raymond Hansen, and James Larscheid (Sinclair defendants), asserting claims of fraud in the inducement and execution, breach of contract, and malicious destruction of property. Instead of answering, the Sinclair defendants filed a motion to dismiss and requested a hearing. After Mr. Cor failed to timely respond to Sinclair's motion, the district court granted the Sinclair defendants' motion without a hearing. The district court reasoned that "Mr. Cor has not filed a timely response and therefore has not contested the request for dismissal." The district court also found that the complaint should be dismissed "for the reasons set forth in the Defendants' motion to dismiss." Mr. Cor timely appealed and we summarily affirm.

**994**

## DISCUSSION

[¶4] A party seeking review of a decision must comply with the Wyoming Rules of Appellate Procedure. W.R.A.P. 1.02. The failure to comply with any rule other than the requirement to timely file a notice of appeal "is ground ... for such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions; assessment of costs; dismissal; and affirmance." W.R.A.P. 1.03; *see Finch v. Pomeroy*, 2006 WY 24, ¶ 3, 130 P.3d 437, 438 (Wyo. 2006). "The decision whether to dismiss an appeal or summarily affirm a decision of the lower court based on the filing of a deficient brief pursuant to W.R.A.P. 1.03 is within the discretion of the appellate court." *Berg v. Torrington Livestock Cattle Co.*, 2012 WY 42, ¶ 10, 272 P.3d 963, 965 (Wyo. 2012) (citing *McElreath v. State ex rel. Wyo. Workers' Comp. Div.*, 901 P.2d 1103, 1106 (Wyo. 1995)).

[¶5] Mr. Cor failed to adhere to the Rules of Appellate Procedure. Mr. Cor's brief does not comply with the requirements of W.R.A.P. 7.01: the title page does not identify the name, address, and telephone number of the attorney or *pro se* party preparing the brief as required by W.R.A.P. 7.01(a)(3); a table of contents, with page references is not present as required by W.R.A.P. 7.01(b); a table of cases alphabetically arranged, statutes and other authorities cited, with reference to pages where they appear is not present as required by W.R.A.P. 7.01(c); a statement of the issues presented for review is not present as required by W.R.A.P. 7.01(d); a statement of the case including the nature of the case, the course of proceedings, and the disposition in the trial court is not included as required by W.R.A.P. 7.01(e)(1); a statement of the facts relevant to the issues presented for review with citations to the parts of the record on appeal relied on is not present as required by W.R.A.P. 7.01(e)(2); the argument does not contain proper citations to authority and parts of the record relied on as required by W.R.A.P. 7.01(f)(1); and the argument does not set forth a concise statement of the applicable standard of review for each issues as required by W.R.A.P. 7.01(f)(2).

[¶6] "These requirements are not meaningless obstacles to a review by this court of a given case but rather are necessary to drafting an organized, thoughtful, and analytical opinion on well defined issues." *MTM v. State (In re KD)*, 2001 WY 61, ¶ 9, 26 P.3d 1035, 1036-37 (Wyo. 2001). We will make "some allowances" for *pro se* litigants; however, we expect them "to comply with the Wyoming Rules of Appellate Procedure just as we require trained lawyers to do." *Id.* at ¶ 7, 26 P.3d at 1036 (citing *Dewey Family Trust v. Mountain West Farm Bureau Mut. Ins. Co.*, 3 P.3d 833, 836 (Wyo. 2000); *Basolo v. Gose*, 994 P.2d 968, 969 (Wyo. 2000)). "[B]latant disregard of our rules of procedure cannot and will not be condoned." *Berg*, 2012 WY 42, ¶ 14, 272 P.3d at 966. Under the authority of W.R.A.P. 1.03 and because Mr. Cor's brief is deficient in many respects, we summarily affirm the decision of the district court. *See Finch*, 2006 WY 24, ¶ 4, 130 P.3d at 438; *Nathan v. Am. Global Univ.*, 2005 WY 64, ¶ 6, 113 P.3d 32, 33-34 (Wyo. 2005); *MTM (In re KD)*, 2001 WY 61, ¶ 9, 26 P.3d at 1036-37.