Archie Laverne RANDOLPH, Jr., Appellant (Plaintiff),

v.

Michael HAYS; Gilpatrick Construction Company, Inc., a Wyoming corporation; and City of Riverton, Appellees (Defendants),

State of Wyoming, and John Does, One through Five, (Defendants).

No. 5841.

Supreme Court of Wyoming.

June 16, 1983.

James R. McCarty, Casper, signed the brief on behalf of appellant.

Glenn Parker, of Hirst & Applegate, Cheyenne, signed the brief on behalf of appellee Michael Hays.

Cameron S. Walker, of Schwartz, Bon, McCrary & Walker, Casper, signed the brief on behalf of appellee Gilpatrick Const. Co., Inc.

James W. Owens, of Murane & Bostwick, Casper, signed the brief on behalf of appellee City of Riverton.

Before ROONEY, C.J., and RAPER, THOMAS, ROSE and BROWN, JJ.

ROONEY, Chief Justice.

The district court dismissed this case for inaction pursuant to Rule 14 of the Uniform Rules for the District Courts of the State of Wyoming.[1] Appellant-plaintiff appeals from the automatic denial of his motion to reinstate the case. The automatic denial was pursuant to Rule 2 of the Uniform Rules for the District Courts of the State of Wyoming.[2] Appellant words the only issue on appeal as follows:

"Whether the trial court abused its discretion in denying appellant's Motion to Reinstate this action after it had been dismissed for lack of substantial and bona fide action toward disposition for more than six months even though discovery was in progress during the six month period."

We reverse and remand.

The record before the district court reflected that appellant's complaint was filed November 19, 1980, alleging damages as a result of an automobile accident which occurred on November 21, 1976, and which was alleged to have been occasioned by negligence of defendants-appellees. Three of the appellees filed answers. Defendant State of Wyoming moved to dismiss the complaint as to it, and such was done pursuant to stipulation on January 19, 1981. Appellant conducted discovery in January through March of 1981. Appellee City of Riverton filed a motion for summary judgment. It was heard on August 19, 1981, and denied on August 31, 1981. The next action reflected in the record before the district court was the entrance of an appearance on March 1, 1982, of co-counsel for appellant and notice to appellees of the taking of three depositions on March 19, 1982. Appellee Gilpatrick Construction Company, Inc. also gave notice that it would take appellant's deposition on March 19, 1982.

On this state of the formal record, the district court judge[3] signed the order of dismissal for lack of prosecution over a period of six months. The order was signed on September 16, 1982 and filed September 20, 1982.

On September 24, 1982, appellant moved to have the action reinstated. The motion

---

1. Rule 14 provides:
   "Cases on the docket in which no substantial and bona fide action towards disposition has been taken for six (6) months are subject to dismissal for lack of prosecution."

2. Rule 2 provides:
   "Each motion filed, except motions for summary judgment, shall set out the specific point or points upon which the motion is brought, and may be accompanied by a concise brief. No answer brief is required. There will be no specific motion day. When required, hearing of motions will be set on request of counsel or by motion assignment issued by the court. Motions may be submitted on brief if desired. All motions not called up or set for hearing within 60 days after filing will automatically be denied, with 10 days then allowed for pleading."

3. The order was made by a judge who had recently taken the case from the judge who had previously handled it.

was supported by an affidavit which recited the taking of depositions[4] within the six months preceding the dismissal of the action. Appellant took three depositions on March 19, 1982. Two of them were completed on April 14, 1982, with the deponents waiving review and signature. The other was signed by the deponent on May 3, 1982. Appellee Gilpatrick Construction Company, Inc. took a deposition on March 19, 1982. Appellee Hays served interrogatories and request for production of documents in April of 1982. Responses were mailed May 13, 1982. In the affidavit, appellant's counsel indicated that he was prepared for a pretrial conference.

On November 10, 1982, appellant's counsel directed a letter to the judge in which he inquired concerning the setting of his motion to reinstate, calling attention to the fact that the sixty-day limit for setting of the motion under Rule 2 of the Uniform Rules for the District Courts of the State of Wyoming (see n. 2) was approaching. Nonetheless, the sixty-day period passed, and the motion was deemed denied. The appeal is from this denial.

■ The notice of appeal was not timely (within fifteen days) as to the order dismissing the action for lack of prosecution, but it was timely as to the denial of the motion to reinstate. The motion to reinstate is treated as a motion seeking relief from a final judgment, order or proceeding made pursuant to Rule 60(b), W.R.C.P.[5] *Randolph v. Hays, et al.*, Wyoming Supreme Court, No. 5841, January 11, 1983, re Order Denying Motion to Dismiss. See *Turnbough v. Campbell County Memorial Hospital*, Wyo., 499 P.2d 595 (1972). Several federal courts have treated motions to reinstate cases dismissed for lack of prosecution as motions made pursuant to Rule 60(b), F.R.C.P., which is similar to Rule 60(b),

W.R.C.P. *Silas v. Sears, Roebuck & Company, Inc.*, 586 F.2d 382 (5th Cir.1978); *Anderson v. Air West, Inc.*, 542 F.2d 522 (9th Cir.1976); *United States v. Inter-American Shipping Corporation*, 455 F.2d 938 (5th Cir. 1972); *Vindigni v. Meyer*, 441 F.2d 376 (2d Cir.1971); *West v. Gilbert*, 361 F.2d 314, (2d Cir.1966), cert. denied 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966); and *Daly v. Stratton*, 304 F.2d 666 (7th Cir.1962), cert. denied 371 U.S. 934, 83 S.Ct. 306, 9 L.Ed.2d 270 (1962), reh. denied 371 U.S. 965, 83 S.Ct. 540, 9 L.Ed.2d 512 (1963). The availability of a motion made pursuant to Rule 60(b), F.R.C.P., to correct an inadvised dismissal for lack of prosecution was recognized, although not used, in *Link v. Wabash Railroad Company*, 370 U.S. 626, 632, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). Accordingly, only the question of the propriety of the automatic denial of appellant's Rule 60(b) motion is before us.

■ The grant of relief under Rule 60(b) is within the sound discretion of the trial court, and our determination is whether or not the trial court abused its discretion in allowing the automatic denial of the motion to reinstate. *Herring v. Welltech, Inc.*, Wyo., 660 P.2d 361, 367 (1983); *Gifford v. Casper Neon Sign Co., Inc.*, Wyo., 639 P.2d 1385, 1388 (1982); *McBride v. McBride*, Wyo., 598 P.2d 814, 816 (1979). However, in the context of this case, the denial of a Rule 60(b) motion:

" * * * raises the same questions and requires virtually the same analysis as would an appeal from an order of dismissal for failure to prosecute or for disobedience of a court order. * * * " *Silas v. Sears, Roebuck & Company, Inc.*, supra, 586 F.2d at 386.

Cf. *Westring v. Cheyenne National Bank*, Wyo., 393 P.2d 119, 122 (1964).

---

4. A uniform rule of court dispensed with the filing of depositions and other discovery material unless used at trial.

5. Rule 60(b) provides in pertinent part:
   "(b) * * * On motion, and upon such terms as are just, the court may relieve a party * * * from a final judgment, order, or proceeding

for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment. * * * A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. * * * "

Rule 14 of the Uniform Rules for the District Courts of the State of Wyoming (see n. 1) and Rule 41(b)(2), W.R.C.P.,[6] authorize the district courts to dismiss an action for lack of prosecution. Beyond that, a court has inherent power to dismiss an action upon its own motion for lack of prosecution. *Link v. Wabash Railroad Company,* supra; *Johnson v. Board of Commissioners of Laramie County,* Wyo., 588 P.2d 237, 238 (1978); and *Moshannon Nat. Bank v. Iron Mountain Ranch Co.,* 45 Wyo. 265, 18 P.2d 623, 629 (1933). While no precise rule may be laid down as to what circumstances justify a dismissal for lack of prosecution, the circumstances surrounding each case must be examined, keeping in mind the conflict between the need for the court to manage its docket for the purpose of preventing undue delay on the one hand, and the policy favoring disposition of cases on the merits on the other hand. *Gaudina v. Haberman,* Wyo., 644 P.2d 159, 169 (1982); *Ace Novelty Co., Inc. v. Gooding Amusement Co., Inc.,* 664 F.2d 761, 763 (9th Cir.1981); *Citizens Utilities Company v. American Telephone and Telegraph Company,* 595 F.2d 1171, 1174 (9th Cir.1979), cert. denied 444 U.S. 931, 100 S.Ct. 273, 62 L.Ed.2d 188 (1979); *Davis v. Operation Amigo, Inc.,* 378 F.2d 101, 103 (10th Cir.1967).[7]

In this case, appellant was undertaking discovery and responding to appellees' discovery efforts during the six months immediately preceding the order of dismissal for lack of prosecution. Three depositions were taken within those six months. They were transcribed and one of them was approved after corrections. The record also reflects that two of the *appellees* undertook discovery during that six-month period.

Additionally, it is noted that there are potentially two time periods during the course of this case at which, according to that reflected in the record, the six-month interval could be pertinent: One, on August 31, 1981, a motion for summary judgment was denied and the next action was on March 1, 1982, when entry of appearance was made and when notice was given for the taking of three depositions—the elapsed period was one day short of six months during which no action "has been taken" [8]; and, two, on March 19, 1982, depositions were scheduled to be taken and the next action was on September 16, 1982, when the order of dismissal for lack of prosecution was signed—the elapsed period was four days short of six months during which no action "has been taken."

Because of the questionable mathematical basis for the dismissal of the case for non-prosecution; because of the actual activity within the six-month period preceding the dismissal; because appellant was at the pretrial stage in his preparation; because appellant reminded the judge of the approaching sixty-day limit under which his motion to reinstate would be deemed denied; and because there was no showing that appellees had been prejudiced, the allowance by the court of the automatic denial of appellant's motion to reinstate his action exceeded the bounds of reason under the circumstances and effected an unreasonable conclusion. This is an abuse of discretion.

**6.** Rule 41(b)(2) provides:
"Upon its own motion the court may dismiss without prejudice any action not prosecuted or brought to trial with due diligence."

**7.** A practice by the trial court of giving notice that dismissal for lack of prosecution will occur unless good cause is shown why such should not be done would provide means by which the attorneys can inform the court of the fact that action not reflected in the record, such as discovery, is being taken.

**8.** Rule 6(a), W.R.C.P., provides in pertinent part:

"In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. * * *"
February 28, 1982, was a Sunday.

"A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. * * * " *Martinez v. State,* Wyo., 611 P.2d 831, 838 (1980).

Appellant's action is reinstated and the case is remanded for regular proceedings resulting therefrom.

Reversed and remanded.