# IN THE SUPREME COURT, STATE OF WYOMING

## 2017 WY 52

*April Term, A.D. 2017*

_____ **May 10, 2017** _____

SKY D PHIFER,

Appellant,

v.

STATE OF WYOMING, ex rel.,
DEPARTMENT OF WORKFORCE
SERVICES, WORKERS'
COMPENSATION DIVISION,

Appellee
(Respondent).

S-17-0009


IN THE MATTER OF THE
ATTORNEY'S FEES AND COSTS IN
THE WORKER'S COMPENSATION
CLAIM OF: DENNIS HOWE,

SKY D PHIFER, Attorney for Dennis
Howe,

Appellant,

v.

STATE OF WYOMING, ex rel.,
DEPARTMENT OF WORKFORCE
SERVICES, WORKERS'
COMPENSATION DIVISION,

Appellee
(Respondent).

S-17-0035

# ORDER REVERSING ATTORNEY FEE ORDERS

[¶1]     **This matter** came before the Court upon "Appellee/Respondent, Wyoming Workers' Compensation Division's Motion to Dismiss Appeal," e-filed herein April 28, 2017.  After a careful review of the motion, the "Traverse to Motion to Dismiss," and the file, this Court finds as follows.

[¶2]     Attorney Sky Phifer took the captioned appeals to challenge two district court orders.  Both orders relate to Mr. Phifer's representation of a worker's compensation claimant on a petition for review of an administrative action.  Mr. Phifer took appeal S-17-0009 to challenge the district court's November 28, 2016, "Order Regarding Respondent's Request for Attorney's Fees and Costs."  In that order, the district court ordered Mr. Phifer to reimburse the Workers' Compensation Division $310.66 for attorney's fees the Division expended in filing pleadings related to the question of whether or not Mr. Phifer was required to file, in district court, a designation of record.

[¶3]     Mr. Phifer took appeal S-17-0035 to challenge the district court's January 11, 2017, "Order Awarding Attorney's Fees and Costs."  In that order, the district court reduced Mr. Phifer's fee award by $947.00, which represents the amount of fees Mr. Phifer expended in filing pleadings related to the question of whether or not he was required to file a designation of record with regard to the petition for review of administrative action.

[¶4]     In its Motion to Dismiss Appeal, the Division concedes that Mr. Phifer was not required to file a designation of record with regard to the petition for review of administrative action filed in district court.  This Court agrees with the Division.  The district court action is governed by W.R.A.P. 12, which does not include any requirement that a district court petitioner file a designation of record.  W.R.A.P. 12.01; *Cf.* W.R.A.P. 12.11(b).  Instead, W.R.A.P. 12.07 requires the agency to transmit the "entire record" to the district court, making a designation of record unnecessary.  Thus, because a designation of record was not required, the district court should not have ordered Mr. Phifer to reimburse the Division for the attorney's fees it expended in the dispute over whether or not Mr. Phifer was required to file such designation.  Likewise, this Court finds the district court should not have declined to award Mr. Phifer the attorney's fees he expended with respect to such legal wrangling.  It is, therefore,

[¶5]     **ORDERED** that, with respect to docket S-17-0009, the district court's November 28, 2016, "Order Regarding Respondent's Request for Attorney's Fees and Costs" is reversed and vacated.  Mr. Phifer shall not be required to reimburse the Division for attorney's fees in the amount of $310.66; and it is further

[¶6]     **ORDERED** that, with respect to docket S-17-0035, the district court's January 11, 2017, "Order Awarding Attorney's Fees and Costs," is reversed in part.  The district court erred in reducing the fee request by $947.00.  Mr. Phifer's request for attorney's fees should be granted in full; and it is further

[¶7]     **ORDERED** that this matter is remanded to the district court for proceedings consistent with this order.

[¶8]     **DATED** this 10th day of May, 2017.

                                                 **BY THE COURT:**

                                                 /s/

                                                 **E. JAMES BURKE**
                                                 **Chief Justice**