# IN THE SUPREME COURT, STATE OF WYOMING

# 2019 WY 124

OCTOBER TERM, A.D. 2019

December 11, 2019

JULIE A. JARVIS, f/k/a JULIE A. BOYCE,

Appellant
(Petitioner),

v.

S-19-0129

BRENDON A. BOYCE,

Appellee
(Respondent).

*Appeal from the District Court of Johnson County*
*The Honorable William J. Edelman, Judge*

*Representing Appellant:*

*Julie A. Jarvis, pro se.*

*Representing Appellee:*

*Benjamin L. Keller, Kinnaird Law Office, P.C., Sheridan, Wyoming.*

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Justice.**

[¶1]   Julie Jarvis, formerly Julie Boyce, filed for a modification of child support in January 2018.  On June 1, 2018, the district court held a bench trial where both sides presented evidence regarding the requested modification.  The district court issued its decision on February 28, 2019, and ordered a modification reducing father's child support from approximately $2,000 per month to $1,085 per month.  Ms. Jarvis appealed, and we will affirm.

[¶2]   Mr. Boyce argues this Court should summarily affirm the district court's order because Ms. Jarvis failed to follow the Wyoming Rules of Appellate Procedure.  Ms. Jarvis appears *pro se* in this appeal and, in her reply brief, requests that the Court consider her appeal on the merits, despite the shortcomings of her opening brief.  We recognize Ms. Jarvis attempted to comply with the Wyoming Rules of Appellate Procedure.  However, while there is a "certain leniency . . . afforded the *pro se* litigant[,] . . . [w]hen a brief fails to present a valid contention supported by cogent argument or pertinent authority, 'we consistently have refused to consider such cases, whether the brief is by a litigant *pro se* or is filed by counsel.'"  *Call v. Town of Thayne*, 2012 WY 149, ¶ 15, 288 P.3d 1214, 1217 (Wyo. 2012) (quoting *Berg v. Torrington Livestock Cattle Co.*, 2012 WY 42, ¶ 14, 272 P.3d 963, 966 (Wyo. 2012)); *see also Byrnes v. Harper*, 2019 WY 20, ¶ 3, 435 P.3d 364, 366 (Wyo. 2019).

[¶3]   W.R.A.P. 7.01 requires the appellant to file a brief containing, in part, the standard of review applicable to the issues raised, and an argument with "citations to the authorities, statutes and parts of the designated record on appeal relied on."  W.R.A.P. 7.01(g)(1).  Here, Ms. Jarvis' argument merely stated:

> I, Julie Jarvis, Appellant pro se, believe Judge Edelman made a significant error in his calculations to modify child support and am asking the Supreme Court to look at the financial information submitted by both parties and the Hearing Transcripts which include Brendon Boyce, the appellee's deposition of business deductions and overturn the initial ruling using Wyoming's Statu[t]e Guidelines for child support.

[¶4]   Ms. Jarvis' invitation to this Court to examine the record is not supported by cogent argument, fails to identify a standard of review, and does not cite to any pertinent legal authority.  "The failure to comply with any . . . rule of appellate procedure . . . is ground only for such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions . . . and affirmance."  W.R.A.P. 1.03(a).  Because Ms. Jarvis failed to make any argument concerning the child support modification, identify the standard of review, or cite to relevant authority, we summarily

1

affirm the district court's Order After Hearing on Petition for Modification of Child Support.