# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 27

### OCTOBER TERM, A.D. 2019

### February 26, 2020

IN THE INTEREST OF: BASS,
minor child.

TERESA DELL BLAUROCK,                                S-19-0221

Appellant
(Petitioner).

*Appeal from the District Court of Lincoln County*
*The Honorable Joseph B. Bluemel, Judge*

*Representing Appellant:*
> Pro se

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE:** This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**DAVIS**, **Chief Justice**.

[¶1]    Teresa Blaurock filed a petition seeking temporary guardianship of her grandchild. Over two years later, the district court dismissed it without prejudice for failure to prosecute.  We affirm.

## ISSUE

[¶2]    Ms. Blaurock presents six issues in her *pro se* appeal, but we will consider only one, which we restate as:

> Did the district court abuse its discretion in dismissing Ms. Blaurock's guardianship petition for failure to prosecute?

## FACTS

[¶3]    On May 9, 2017, Teresa Blaurock filed a petition for temporary guardianship of her grandchild.  On June 26, 2019, the district court issued an order to show cause.  The court pointed out that no action had been taken on the petition in over two years, and it ordered Ms. Blaurock to show cause in writing why the matter should not be dismissed.  The order required that the writing be submitted on or before July 26, 2019.

[¶4]    On July 23, 2019, Ms. Blaurock wrote a letter to the court asking that the petition not be dismissed.  The letter was four pages long but did not address the petition or suggest that she would take any action on the petition.  On July 25, 2019, the court entered an order dismissing the petition without prejudice.

## DISCUSSION

[¶5]    Concerning dismissals for failure to prosecute, we have said:

> "The dismissal of a suit for want of prosecution lies within the sound discretion of the trial court." *Johnson v. Board of Comm'rs of Laramie County*, 588 P.2d 237, 238 (Wyo. 1978). Accordingly, we review the district court's order dismissing a case for abuse of discretion. *Randolph v. Hays*, 665 P.2d 500, 504 (Wyo. 1983). "In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did." *Id*. The party appealing an order to dismiss has the burden of establishing an abuse of discretion. *Johnston v. Stephenson*, 938 P.2d 861, 862 (Wyo. 1997). We keep in mind, however, that dismissal is not a favored course of action, because it "has

1

always been the policy of our law to resolve doubts in favor of permitting parties to have their day in court on the merits of a controversy." *Waldrop v. Weaver*, 702 P.2d 1291, 1294 (Wyo.1985), quoting *Carman v. Slavens*, 546 P.2d 601, 603 (Utah 1976).

Under W.R.C.P. 41(b), the district court may dismiss "any action not prosecuted or brought to trial with due diligence." Rule 203(c) of the Uniform Rules for District Courts is more specific, indicating that cases "in which no substantial and bona fide action of record towards disposition has been taken for 90 days are subject to dismissal for lack of prosecution." The parties have cited only a handful of Wyoming cases dealing with dismissals for lack of prosecution, and none with facts similar to this case. This scarcity of cases may be due to the fact that dismissal of an action is "the most severe of penalties, which ought to be assessed only in the most extreme situations." *Glatter v. American Nat'l Bank*, 675 P.2d 642, 644 (Wyo.1984). Extreme situations are rare, so that "no precise rule may be laid down as to what circumstances justify a dismissal for lack of prosecution." Instead, "the circumstances surrounding each case must be examined, keeping in mind the conflict between the need for the court to manage its docket for the purpose of preventing undue delay on the one hand, and the policy favoring disposition of cases on the merits on the other hand." *Randolph*, 665 P.2d at 503.

*Dollarhide v. Bancroft*, 2008 WY 113, ¶¶ 10-11, 193 P.3d 223, 226 (Wyo. 2008).

[¶6]    We find no abuse of discretion in the district court's dismissal of Ms. Blaurock's petition.  As noted in *Dollarhide*, Rule 203(c) of the Uniform Rules for District Courts provides that cases "in which no substantial and bona fide action of record towards disposition has been taken for 90 days are subject to dismissal for lack of prosecution." U.R.D.C. 203(c).  Ms. Blaurock took no action on her petition for over two years, a period well in excess of ninety days.  Additionally, she offered no assurances to the court that she intended to take any type of substantial or bona fide action.  Finally, the dismissal of Ms. Blaurock's petition is not the rare and extreme penalty that we discussed in *Dollarhide*. The dismissal was without prejudice, which would allow her to refile the petition should she choose to do so.

2

[¶7]   We do not consider any of Ms. Blaurock's remaining issues because they are not supported by cogent argument, citations to the record, or citations to relevant authority. We have said:

> [W]hile there is a "certain leniency ... afforded the *pro se* litigant[,] ... [w]hen a brief fails to present a valid contention supported by cogent argument or pertinent authority, 'we consistently have refused to consider such cases, whether the brief is by a litigant *pro se* or is filed by counsel.'" *Call v. Town of Thayne*, 2012 WY 149, ¶ 15, 288 P.3d 1214, 1217 (Wyo. 2012) (quoting *Berg v. Torrington Livestock Cattle Co.*, 2012 WY 42, ¶ 14, 272 P.3d 963, 966 (Wyo. 2012)); *see also Byrnes v. Harper*, 2019 WY 20, ¶ 3, 435 P.3d 364, 366 (Wyo. 2019).

*Jarvis v. Boyce*, 2019 WY 124, ¶ 2, 453 P.3d 780, 781 (Wyo. 2019).

[¶8]   Affirmed.