# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 43

OCTOBER TERM, A.D. 2019

March 25, 2020

RUSSELL FAY HARRISON,

Appellant
(Defendant),

v.

S-19-0229

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable Daniel L. Forgey, Judge*

*Representing Appellant:*
> Pro se

*Representing Appellee:*
> Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Samuel Williams, Assistant Attorney General.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**DAVIS**, **Chief Justice.**

[¶1]    In 1981, Russell Harrison pled guilty to first degree murder in the beating death of his ex-wife.  In exchange, the State agreed that it would not seek the death penalty, and the district court sentenced Mr. Harrison to life in prison, the sentence that all parties agreed was the only available alternative to the death penalty.  In the years following, Mr. Harrison made numerous failed attempts to challenge his sentence on grounds that he understood he would only serve seven to eight years in prison.  In 2019, he filed a motion to enforce his claimed plea agreement, which the district court treated as a W.R.Cr.P. 35(a) motion and denied.  Mr. Harrison appeals, and because his brief on appeal fails to comply with the Wyoming Rules of Appellate Procedure and contains no cogent argument or citation to pertinent authority, we summarily affirm.

## DISCUSSION

[¶2]    Mr. Harrison's *pro se* brief on appeal contains no statement of issues, no statement of the case with citations to the record, and no argument supported by cogent argument and pertinent authority.  It is instead a five-sentence long document that does no more than state his belief that he should have been required to serve no more than seven to eight years in prison for the first degree murder of his ex-wife, along with a reference to an earlier submitted commutation request.  The brief therefore does not comply with our rules of appellate procedure.  *See* W.R.A.P. 7.01; *Osban v. State*, 2019 WY 43, ¶ 7 n.2, 439 P.3d 739, 741 n.2 (Wyo. 2019) (Court will not consider arguments unsupported by cogent argument, cites to record, and relevant authority); *Byerly v. State*, 2019 WY 130, ¶ 17, 455 P.3d 232, 241 (Wyo. 2019) (reference to prior filings is not substitute for cogent argument and does not comply with rules of appellate procedure).  We have also said:

> [W]hile there is a "certain leniency . . . afforded the pro se litigant[,] . . . [w]hen a brief fails to present a valid contention supported by cogent argument or pertinent authority, 'we consistently have refused to consider such cases, whether the brief is by a litigant *pro se* or is filed by counsel.'" *Call v. Town of Thayne*, 2012 WY 149, ¶ 15, 288 P.3d 1214, 1217 (Wyo. 2012) (quoting *Berg v. Torrington Livestock Cattle Co.*, 2012 WY 42, ¶ 14, 272 P.3d 963, 966 (Wyo. 2012)); *see also Byrnes v. Harper*, 2019 WY 20, ¶ 3, 435 P.3d 364, 366 (Wyo. 2019).

*In the Interest of BASS*, 2020 WY 27, ¶ 7, 458 P.3d 857 (Wyo. 2020) (quoting *Jarvis v. Boyce*, 2019 WY 124, ¶ 2, 453 P.3d 780, 781 (Wyo. 2019)).

[¶3]    "The failure to comply with any . . . rule of appellate procedure . . . is ground only for such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions . . . and affirmance." *Jarvis*, ¶ 4, 453

1

P.3d at 781 (quoting W.R.A.P. 1.03(a)).  Mr. Harrison's brief fails in all respects to comply with our rules of appellate procedure, and we therefore summarily affirm the district court order denying Mr. Harrison's motion.

[¶4]　　Affirmed.