# IN THE SUPREME COURT, STATE OF WYOMING

# 2022 WY 42

**OCTOBER TERM, A.D. 2021**

**March 24, 2022**

JAMES DEPIERO and KATHLEEN DEPIERO,

Appellants
(Petitioners),

v.

S-21-0191

BOARD OF COUNTY COMMISSIONERS, LINCOLN COUNTY, WYOMING,

Appellee
(Respondent).

*Appeal from the District Court of Lincoln County*
The Honorable Joseph B. Bluemel, Judge

*Representing Appellants:*
Michael D. Allen, Sanderson Law Office, Afton, Wyoming.

*Representing Appellee:*
Spencer Allred, Lincoln County Attorney; Aaron Reynolds, Deputy Lincoln County Attorney, Kemmerer, Wyoming.

*Before FOX, C.J., and DAVIS\*, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

*\*Justice Davis retired from judicial office effective January 16, 2022, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2021), he was reassigned to act on this matter on January 18, 2022.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]     Appellants James and Kathleen Depiero sought review of a decision by the Board of County Commissioners, Lincoln County, Wyoming (Board) under Wyoming Rule of Appellate Procedure (W.R.A.P.) 12 and Wyo. Stat. Ann. § 16-3-114 (LexisNexis 2021). The district court dismissed their petition for review because the Board's record of the case was never transmitted to the court. We find that the obligation to transmit the record in a review of agency action under W.R.A.P. 12 is on the agency (Board), and reverse.

## FACTS

[¶2]     Appellants own land in an area of Lincoln County zoned "Rural." Their neighbors, also in that zone, applied to the Board for a Conditional Use Permit (CUP) authorizing the construction of multi-family housing in the form of single family living structures. Appellants submitted email objections. The Board did not conduct a "contested case hearing" but considered the application at a meeting and issued a "Final Determination" which approved a CUP to construct four "guest cabins."

[¶3]     Appellants filed a petition for review in the district court pursuant to W.R.A.P. 12.03 and 12.06. They asserted (1) the CUP was inconsistent with the standards for rural zoned property in the Lincoln County Land Use Regulations; and (2) the permit issued differed from that requested in the application. The petition for review listed the above facts and stated: "The CUP was not a contested case and [an] additional statement of facts is not required under W.R.A.P. 12.06. Petitioners reserve the right to present additional material evidence prior to [a] hearing pursuant to W.R.A.P. 12.08 after the agency has provided the entire record pursuant to W.R.A.P. 12.07(a)."

[¶4]     The day after Appellants filed their petition for review of agency action, the district court clerk issued a "briefing notice" stating Appellants' brief was due within 45 days. Four days later the clerk entered an amended briefing notice, which stated Appellants' brief was "due 45 days after the transcript is received by the Clerk of District Court's Office." The Board never submitted the record to the clerk of district court.

[¶5]     Seven months after Appellants filed their petition for review, the district court issued an order that "the parties shall show cause in writing on or before the 18th of June, 2021, why this matter should not be dismissed." The parties responded with a "Joint Motion." It stated, "Anticipating that the dispute may be resolved without a decision by the Court, Lincoln County has not submitted the record to the District Court at this time. Lincoln County represents that it has obtained those records and is ready to produce them to the Court. The parties, through their attorneys, request that this Court allow this case to remain on the docket so that Lincoln County may submit the record and the parties may fully brief the issue."

1

[¶6]    The district court did not respond to the parties' "Joint Motion."  Instead, it dismissed Appellants' petition for review.  In so doing, the district court relied upon W.R.A.P. 2.06, writing:  "Rule 2.06 … states that within sixty (60) days after a notice of appeal is filed the transcript of the administrative action or statement of evidence is to be filed. …  The transcript or statement of evidence was due November 3, 2020."  The district court added, "This court finding that no good cause has been shown for the delay in producing the transcript or statement of evidence as proved[sic] by the Rules of Appellant [sic] Procedure hereby **dismisses** this matter."  (Emphasis in original).

## STANDARD OF REVIEW

[¶7]    Whether a district court correctly interpreted a court rule is a question of law which we review de novo.  *See, e.g., Dishman v. First Interstate Bank*, 2015 WY 154, ¶ 13, 362 P.3d 360, 365 (Wyo. 2015) (addressing the rules of civil procedure).

[¶8]    "The dismissal of a suit for want of prosecution lies within the sound discretion of the trial court[.]"  *Johnson v. Bd. of Comm'rs of Laramie Cnty.*, 588 P.2d 237, 238 (Wyo. 1978) (citation omitted).  Accordingly,  we review the district court's order dismissing a case for lack of prosecution for an abuse of discretion.  *Randolph v. Hays*, 665 P.2d 500, 503-04 (Wyo. 1983).  "'In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did.'"  *Id*. at 504 (quoting *Martinez v. State,* 611 P.2d 831, 838 (Wyo. 1980)).  "The burden is placed upon the party who is attacking the trial court's ruling to establish an abuse of discretion."  *Johnston v. Stephenson*, 938 P.2d 861, 862 (Wyo. 1997).  We keep in mind, however, that dismissal is not a favored course of action, because it "has always been the policy of our law to resolve doubts in favor of permitting parties to have their day in court on the merits of a controversy."  *Waldrop v. Weaver*, 702 P.2d 1291, 1294 (Wyo. 1985) (quoting *Carman v. Slavens*, 546 P.2d 601, 603 (Utah 1976)).

## DISCUSSION

[¶9]    The district court determined W.R.A.P. 2.06 and the notice issued by the clerk of district court required a "transcript" to be filed within 60 days of the filing of the petition for review of agency action.  Because no transcript was filed, the district court dismissed Appellants' petition.  Although the district court did not explicitly state that filing the "transcript" was Appellants' obligation, the effect of its ruling placed responsibility for filing the "transcript" squarely on Appellants.

[¶10]  The district court misstated and misapplied W.R.A.P. 2.06.  It wrote:  "Rule 2.06, W.R.A.P. states that within sixty (60) days after a notice of appeal is filed the transcript of the **administrative action or statement of evidence** is to be filed."  (Emphasis added).  However, Rule 2.06 does not mention administrative action or a statement of evidence.  Rather, Rule 2.06(a) provides:  "Within 60 days after the notice of appeal is filed, the court

2

reporter shall file with the clerk of the trial court, the transcript, or such portions of the transcript that have been ordered as provided in Rule 2.05." This rule applies only to transcripts prepared by the court reporter of the trial court. It does not apply to petitions for review from agency action.

[¶11] W.R.A.P. 12.01 through 12.12 apply to judicial review of administrative action. W.R.A.P. 12.07 requires that "[w]ithin 60 days after the service of [the] petition, or within the time allowed by the reviewing court, **the agency shall** transmit to the reviewing court the original or a certified copy of the entire record of the proceedings under review." (Emphasis added). In this case the agency – the Board of County Commissioners of Lincoln County – was required to transmit the entire record to the district court. It never did so, although it belatedly offered to comply with the rule. The "entire record," which the agency must provide, includes (1) the procedural documents, including an index, (2) any transcript of recorded statements or testimony, and (3) exhibits. W.R.A.P. 12.07(a)(1), (2) and (3).

[¶12] In an ordinary civil appeal, the clerk of the trial court prepares the entire record and then the parties designate which portions of it they rely on in the appeal. W.R.A.P. 3.05. However, this procedure does not apply to reviews of administrative action. In such cases, "[t]he district court action is governed by W.R.A.P. 12, which does not include any requirement that a district court petitioner file a designation of record. W.R.A.P. 12.01; *Cf.* W.R.A.P. 12.11(b). **Instead, W.R.A.P. 12.07 requires the agency to transmit the 'entire record' to the district court**, making a designation of record unnecessary." *Phifer v. State ex rel., Dep't of Workforce Servs., Workers' Comp. Div.*, 2017 WY 52, ¶ 4, 393 P.3d 1324, 1325 (Wyo. 2017) (emphasis added).

[¶13] The Board failed to transmit the record as required by W.R.A.P. 12.07. The district court's dismissal rewards the Board for failure to comply with the rules. It places all the responsibility and consequences for the Board's failure on Appellants. Because the Board, not Appellants, had the responsibility to transmit the entire record to the district court, it was an abuse of discretion to dismiss Appellants' petition for review.

[¶14] Both the clerk of the district court and the district court were concerned about the lack of a "transcript." The term "transcript" can refer to either a printed copy of words that were spoken and testimony that was given, or to the printed record of the proceedings and pleadings necessary for an appellate court to review the history of a case. *MSC v. MCG*, 2019 WY 59, ¶¶ 20-22, 442 P.3d 662, 668 (Wyo. 2019). Whichever meaning the clerk of district court and the district court intended for "transcript," any concern cannot be charged against Appellants. If the term meant a typed record of the words spoken, Appellants certified that no contested case occurred, and that no transcript of evidence was involved in this case. Not every administrative action involves recorded testimony, and, as here, transcripts of recorded statements may be unnecessary. (If there had been such a transcript, W.R.A.P. 12.04(d) required the petitioner to "order and arrange for the payment for a

transcript of the testimony necessary.") If the term "transcript" was intended to mean the record, or an index of the record, W.R.A.P. 12.07 required the Board, not Appellants, to provide that record.

[¶15] The district court recognized the record had not been filed and ordered the parties to show cause why Appellants' petition for review should not be dismissed. The order to show cause incorrectly placed the burden for filing the administrative record on Appellants (and rewarded the Board for its failure). The order to show cause should have directed sanctions against the Board, as it had the responsibility to submit the entire record. The district court abused its discretion by sanctioning Appellants with dismissal of their petition for review.

[¶16] Reversed.