# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 118

**APRIL TERM, A.D. 2022**

**September 27, 2022**

IN THE MATTER OF THE ESTATE OF
ROBERT GLEN DORNBLASER,
deceased:

MONTY J. DORNBLASER,
Appellant
(Heir),

v.                                                                    S-22-0102

MICHELLA G. DORNBLASER,

Appellee
(Heir).

*Appeal from the District Court of Fremont County*
*The Honorable Jason M. Conder, Judge*

*Representing Appellant:*
    *Monty J. Dornblaser, pro se.*

*Representing Appellee:*
    *Frank B. Watkins, Frank B. Watkins, P.C., Riverton, Wyoming.*

*Special Administrator for the Estate:*
    *Rick L. Sollars, Western Law Associates, P.C., Lander, Wyoming.*

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]     Robert Glen Dornblaser died on October 4, 2015, and his son, Monty J. Dornblaser (Mr. Dornblaser) was appointed Personal Representative of his father's estate. After four years without significant progress toward distributing the estate, the court appointed Rick L. Sollars as Special Administrator. Mr. Sollars issued a final report and accounting, and a petition for distribution to the court. Mr. Sollars reported that between 2015 and 2019, Mr. Dornblaser, who acted as his father's conservator during his life, made improper expenditures from a conservator account and could not account for a substantial sum of money missing from the estate. This finding led Mr. Sollars to determine Mr. Dornblaser had already received his share of the estate, the rest should be distributed to Michella G. Dornblaser, the deceased's daughter, and Mr. Dornblaser must vacate the home. The district court approved this final report and petition for distribution with the addition that Mr. Dornblaser was entitled to the 1992 Chevrolet pickup to assist in moving out of the home.

[¶2]     Mr. Dornblaser appeals the report and distribution claiming he should be entitled to the house he helped his father build. Because Mr. Dornblaser's brief on appeal fails to comply with the Wyoming Rules of Appellate Procedure and contains no cogent argument, citation to pertinent authority, nor a statement of the precise relief sought, we summarily affirm.

[¶3]     Mr. Dornblaser's pro se brief on appeal lacks a statement of jurisdiction, a statement of issues for review, a statement of the case with citations to the record, an argument supported by pertinent authority, and a conclusion stating the precise relief sought. It is instead a six-page document detailing events outside this matter, unsupported accusations of bias against the district judge, and his unsubstantiated belief that his late father's home belongs to him. The brief does not comply with W.R.A.P. 7.01; *Harrison v. State*, 2020 WY 43, ¶ 2, 460 P.3d 260, 261 (Wyo. 2020) (affirming where the appellant failed to offer a statement of the case with citations to the record and argument supported by pertinent authority). While some leniency is afforded to a pro se litigant, we refuse to consider cases when "a brief fails to present a valid contention supported by cogent argument or pertinent authority . . . ." *Interest of BASS*, 2020 WY 27, ¶ 7, 458 P.3d 857, 859 (Wyo. 2020) (quoting *Jarvis v. Boyce*, 2019 WY 124, ¶ 2, 453 P.3d 780, 781 (Wyo. 2019)); *see also Harrison*, 2020 WY 43, ¶ 2, 460 P.3d at 261.

[¶4]     Failing to comply with any "rule of appellate procedure . . . is ground only for such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions . . . and affirmance." W.R.A.P. 1.03(a); *Harrison*, 2020 WY 43, ¶ 3, 460 P.3d at 261. Mr. Dornblaser's brief fails in several essential respects to comply with the rules of appellate procedure. We therefore summarily affirm the district court order approving the final report and decree of distribution.

[¶5]     Affirmed.