# THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 119

**OCTOBER TERM, A.D. 2023**

**December 8, 2023**

IN THE MATTER OF THE ESTATE OF
ELLEN M. SLATER a/k/a ELLEN
MILDRED SLATER, deceased:

MIKE SLATER,

Appellant
(Respondent),

v.

S-23-0122

PATRICK BRUCE SLATER and
JACQUELINE KAY SLATER, Personal
Co-Representatives
of the Estate of Ellen M. Slater,

Appellees
(Petitioners).

*Appeal from the District Court of Park County*
*The Honorable Bobbi Dean Overfield, Judge*

*Representing Appellant:*
    *Mike Slater, pro se.*

*Representing Appellee:*
    *David M. Hill and Jennifer Jensen of Burg, Simpson, Eldredge, Hersh, and Jardine,*
    *P.C., Cody, Wyoming.*

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FENN, Justice.**

[¶1]  Stephen Michael "Mike" Slater (Appellant) appeals the district court's order denying his objections to the final report and its order distributing his mother's estate.  He claims he was not given proper notice of the probate action, and his siblings, Patrick and Jacqueline Slater (Appellees), violated their duties as co-personal representatives.  Finding Appellant failed to comply with Rule 7.01 of the Wyoming Rules of Appellate Procedure, we summarily affirm.

## FACTS

[¶2]  Ellen and Richard Slater were the parents of three children: Stephen Michael "Mike" Slater; Patrick Bruce Slater; and Jacqueline Kay Slater.[1]  Richard and Appellant were business partners at one time, but their partnership ended in approximately 1974–1975.  Richard and Ellen subsequently moved to Powell, Wyoming.  Richard passed away in February 2001.

[¶3]  After Richard's passing, Appellant helped Ellen pay the mortgage on her property for several years.  In the years prior to her death, Ellen made numerous writings describing her financial dealings with Appellant, and she informed Appellees she repaid any and all debts she allegedly owed Appellant.  Ellen executed a will in April 2013.  Ellen appointed Appellees to serve as the co-personal representatives of her estate.  Ellen specifically bequeathed Appellant $100, and "intentionally excluded" him from all other gifts, bequests, or devises.

[¶4]  In June 2017, Appellant attempted to retrieve certain tools and personal property he claimed to own from Ellen's property.  However, at Ellen's request, the Park County Sheriff's office contacted him and verbally warned him of criminal trespass.  The report from this incident indicates Ellen told the deputies all the tools remaining on her property had belonged to her and her late husband Richard.  In October 2018, Ellen wrote a note to Appellees saying she did not owe Appellant "one penny."

[¶5]  Ellen passed away in Park County on September 17, 2021.  Appellees filed a petition to probate Ellen's will on May 19, 2022, and her will was admitted to probate on May 23, 2022.  On June 1, 2022, Appellees sent Appellant a copy of the petition and a notice of probate by first class mail to his last known address in Marshalltown, Iowa.  Appellees also published notice of the probate in the Cody Enterprise for three consecutive weeks beginning June 9, 2022.

---

[1] Because all the parties have the same last name, we will refer to Ellen and Richard by their first names for clarity.

1

[¶6]    Appellees filed a final accounting and petition for distribution in early November 2022.  The district court set a hearing on the petition for distribution for December 14, 2022, and required objections to that petition to be filed no later than December 12, 2022.  Appellant filed an objection and a request to continue the hearing on December 12, 2022, claiming he had personal property stored on his mother's real property and he had not been given notice of the probate action or an opportunity to retrieve that property.

[¶7]    The district court held a hearing on January 18, 2023.  Appellant again argued he had not received proper notice of the probate, and he demanded an accounting of various tools and vehicles.  The district court took the matter under advisement.  Following the hearing, Appellant filed numerous motions, including a motion to set aside the will, a motion to compel Appellees to provide a list of the disposition of certain property, and motions to remove the co-personal representatives.

[¶8]    The district court found Appellees satisfied the statutory requirements for notice when they sent Appellant notice of the probate by first class mail to his last known address, which was the same address where Appellant admittedly received notice of the settings for the December 2022 and January 2023 hearings.  Although Appellant's attempt to set aside the will was untimely, the district court ultimately considered the claim and found it to be without merit.  The district court considered the merits of Appellant's creditor's claim, concluded there was no proof the property, which had been left at Ellen's home in 1976, was still there, and found the claim was untimely and forever barred.  The district court denied Appellant's objections and subsequently entered a final decree of distribution ordering Appellees to distribute the estate as set forth in the petition for distribution.  This timely appeal followed.

## DISCUSSION

[¶9]    Although Appellees' brief identifies four issues and sets forth arguments addressing the merits of Appellant's claims, they also ask this Court to dismiss this appeal due to Appellant's failure to comply with the rules of appellate procedure.

[¶10]  Appellant's brief lacks a statement of jurisdiction, a statement of issues for review, and a statement of the case with citations to the record.  In addition, although he cites to one case and three statutes, none of those authorities are applicable to this matter.  Appellant's "brief" is a six-page document detailing events outside this matter, generally alleging wrongdoing by Appellees, and claiming he never received the notice of probate that was mailed to his address in Iowa.  Appellant's brief does not comply with Rule 7.01 of the Wyoming Rules of Appellate Procedure (W.R.A.P.).  "Failure to comply with W.R.A.P. 7.01 is grounds 'for such action as we deem appropriate, including but not limited to: refusal to consider the appellant's contentions and affirmance." *Anderle v. State*, 2022 WY 161, ¶ 18, 522 P.3d 151, 154 (Wyo. 2022) (quoting W.R.A.P. 1.03(a)).  We have discretion to summarily affirm when a brief is deficient under the rules of appellate

procedure. *Id.* (citing *Cor v. Sinclair Servs. Co.*, 2017 WY 116, ¶ 4, 402 P.3d 992, 994 (Wyo. 2017)). "While some leniency is afforded to a pro se litigant, we refuse to consider cases when 'a brief fails to present a valid contention supported by cogent argument or pertinent authority.'" *Matter of Estate of Dornblaser*, 2022 WY 118, ¶ 3, 517 P.3d 1121, 1122 (Wyo. 2022) (quoting *Interest of Bass*, 2020 WY 27, ¶ 7, 458 P.3d 857, 859 (Wyo. 2020)); *see also Harrison v State*, 2020 WY 43, ¶ 3, 460 P.3d 260, 261 (Wyo. 2020) (summarily affirming for failure to comply with the rules of appellate procedure). Appellant's brief fails to comply with the rules of appellate procedure in several essential respects. We therefore summarily affirm the district court's orders denying Appellant's objections and approving the final report and decree of distribution.

[¶11] Appellees request an award of attorney's fees and costs under W.R.A.P. 10.05. We award costs as provided under W.R.A.P. 10.05(a), but we decline to assess attorney's fees pursuant to W.R.A.P. 10.05(b).

[¶12] Affirmed.